IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEPRINO FOODS COMPANY,                No.  MISC.S-05-0240 MCE DAD

       Plaintiff,

  v.                                    ORDER

BIG-D CONSTRUCTION CORP. -
CALIFORNIA, et al.,

       Defendants.
_____/

       This matter came before the court on October 14, 2005, for hearing on an order to show cause why a citation of contempt should not issue against non-party Delta Construction Project Management, Inc. ("Delta CPM") due to its failure to respond to a Federal Rule of Civil Procedure 45 subpoena for documents issued by plaintiff Leprino Foods Company ("Leprino").  Patrick T. Markham appeared on behalf of plaintiff at the hearing.  Laurence R. Phillips appeared on behalf of defendant University Marelich Mechanical ("UMM").  There was no appearance on behalf of Delta CPM, the entity to whom plaintiff's
/////

1

subpoena is directed.[1]  Nor was there any appearance on behalf of defendant Big-D Construction.

Having considered all written materials submitted with respect to the motion, and after hearing oral argument, for the reasons discussed more fully on the record during the hearing, IT IS HEREBY ORDERED that:

1. Defendant UMM's objections to the subpoena based on assertions of the attorney-client privilege and attorney work product doctrine are overruled, those assertions being broad, general and unsupported by any specific showing.[2]

2. Defendant UMM's objections that the subpoena is overbroad, burdensome, oppressive, vague and ambiguous are overruled because UMM lacks standing to assert those objections.  The subpoena is not directed to UMM but to non-party Delta CPM who has failed to appear in response to the court's order to show cause.  Further,

/////

/////

---

[1] Delta CPM is a consultant of UMM and UMM intends to formally designate Delta CPM as its expert in this action which is venued in the United States District Court for the District of Colorado.  While Delta CPM and UMM may share some interests in this litigation, they are separate entities and only UMM appeared at the hearing through counsel.

[2] Although it is not made clear in UMM's written opposition, the court presumes that counsel for UMM, who retained Delta CPM on behalf of UMM, asserts these objections on behalf of its client UMM and Delta CPM, who is UMM's consultant and therefore arguably its agent for purposes of the attorney-client privilege and work product doctrine.  In any event, counsel for UMM has identified no specific communications or alleged work product material in this regard, much less demonstrated how such communications or material fall within the purview of the attorney-client privilege or work product doctrine.

2

these boilerplate objections also are unsupported by any specific showing.[3]

    3. Delta CPM shall provide all documents responsive to plaintiff's subpoena within ten (10) days of being served with a copy of this order. In this regard, plaintiff is directed to serve a copy of this order on Delta CPM as soon as practicable and file proof of such service with this court.

    4. Plaintiff's request for the issuance of a citation for contempt is denied at this time.

DATED: October 17, 2005.

                                             /s/ Dale A. Drozd
                                             DALE A. DROZD
                                             UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.civil\leprino.oah.101405

---

[3] UMM's objections in this regard are based on the argument that much, if not all, all of the information sought with the subpoena will be the subject of discovery, particularly expert discovery, in the Colorado action "in due course." However, the court finds that this argument weighs in favor of enforcing the subpoena, not quashing it, especially since the subpoena issued from this court more than eight months ago.